UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IRVIN VAN BUREN,

　　　　　Plaintiff,

　　v.

PAUL DENNISON, et al.,

　　　　　Defendants.

Case No. 23-cv-01272 BLF

**ORDER OF DISMISSAL**

　　　　Plaintiff, a former state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against various prison and state officials. Dkt. No. 1. The Court dismissed the complaint with leave to amend for Plaintiff to attempt to correct several deficiencies, including the bar against damage claims for an unconstitutional conviction under *Heck v. Humphrey*, 512 U.S. 477 (1994), and whether he could state a cognizable claim against his attorney and the prosecutor. Dkt. No. 10. Plaintiff filed an amended complaint. Dkt. No. 11.

**DISCUSSION**

**I.    Standard of Review**

　　　　A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. **Plaintiff's Claims**

Plaintiff names the following as Defendants: (1) Director Kathleen Allison of the CDCR; (2) Trent Allen, Acting Warden at SVSP; (3) Warden M. Atchley at SVSP; and (4) the Warden at Folsom State Prison. Dkt. No. 11 at 3-4.

According to the amended complaint, Plaintiff was arrested on April 16, 1991, by homicide detectives from the San Francisco Police Department. *Id.* at 11. He was charged with first degree murder and conspiracy to commit first degree murder, second degree murder, conspiracy to commit theft and forgery of access cards, and conspiracy to commit arson. *Id.* at 11-12. After a jury trial, Plaintiff was found not guilty of first degree murder, but found guilty of all the other charges. *Id.* at 10-11. In July 1993, the trial court found Plaintiff liable for the killing under the natural and probable consequences doctrine and sentenced him to 15 years to life on the second degree murder conviction and five and two years for the other counts, to run concurrently. *Id.* at 11-12.

On November 1, 2019, Plaintiff filed a habeas petition challenging the legality of his conviction under the natural and probable consequence doctrine. *Id.* at 14. Mr. Paul Dennison was appointed as counsel by the superior court. *Id.* The state then conducted

several hearings at which Plaintiff was not present, during which his habeas petition was construed as a petition for resentencing under § 1170.95(d) for felony murder. *Id.* at 18. Plaintiff disagreed with this change, believing that resentencing § 1170.95 did not apply to him because he was not convicted of first degree murder. *Id.* at 19-20. Plaintiff's questions were never resolved. *Id.* At a resentencing hearing on November 11, 2020, the state court resentenced Plaintiff to seven years and gave him credit for time served; the court vacated the sentence for second degree murder without any disposition for the reason. *Id.* at 21. Plaintiff was released from prison on November 19, 2020. *Id.*

Plaintiff claims the following: (1) ineffective assistance of counsel by court appointed attorney, Paul Dennison, *id.* at 4; (2) Eighth Amendment right against cruel and unusual punishment was violated by his false imprisonment for 30 years, *id.* at 5; (3) Fifth Amendment right against double jeopardy was violated when he was twice sentenced to a prison term which he had already completed, *id.* at 6; and (4) due process violation when the state converted his habeas corpus petition into a resentencing petition, *id.* at 7. Plaintiff seeks a "procedural review and disposition of [his] habeas corpus petition." *Id.* at 22. Plaintiff is clearly challenging the validity of a sentence which he has already served.

In the original complaint, Plaintiff sought damages for an allegedly unconstitutional sentence. Dkt. No. 1. Plaintiff was advised of the bar against a claim for damages under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Dkt. No. 10 at 4. Plaintiff now attempts to avoid that bar by removing his claim for damages from the amended complaint and seeking injunctive relief. However, if success in the § 1983 suit would necessarily demonstrate the invalidity of the confinement or its duration, the § 1983 suit is barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or internal prison proceedings). *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Here, success on his Eighth Amendment or Fifth Amendment claims would necessarily demonstrate the invalidity of Plaintiff's confinement for 30

years.  Accordingly, this § 1983 action challenging the validity of his state conviction is clearly barred by *Heck.*

Plaintiff's other option may be to file a federal petition under 28 U.S.C. § 2254.  If he remains subject to court supervision, i.e., on parole, he may attempt to obtain relief by filing his claims in a § 2254 action.  *See Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (petitioner on parole at the time of filing in custody for purposes of § 2254 action).  However, the Court herein makes no opinion as to the merits of such claims.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, Plaintiff may attempt to seek relief for the alleged violation of his rights by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

However, before Plaintiff can proceed with a federal habeas action in this court, he must first exhaust state judicial remedies.  Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").  Accordingly, if Plaintiff does not receive a remedy in the state appellate court, he must also file his claims in the

4

California Supreme Court and give that court an opportunity to rule on the claims before he can proceed with a § 2254 action in this court.

## CONCLUSION

For the reasons set forth above, this action is **DISMISSED** without prejudice to filing as a <u>new</u> habeas action under 28 U.S.C. § 2254, and only after Plaintiff has exhausted state judicial remedies. If he does not first exhaust state judicial remedies, any federal habeas action filed in this Court will be dismissed without prejudice for failure to exhaust. *See Rose v. Lundy*, 455 U.S. at 515-16.

The Court shall include a copy of the court's form petition with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  __**March 31, 2024**_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\CR.23\01272VanBuren_dism(cr-hc)